JOHN SHERTZER TRUST, EDITH P. SHERTZER, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15633.    Promulgated June 17, 1948.

*Virgil T. Seaberry, Esq.*, for the petitioner.
*Allen T. Akin, Esq.*, for the respondent.

OPINION.

KERN, *Judge*: The Commissioner determined deficiencies in petitioner's income and victory tax for the calendar years 1943 and 1944 in the respective amounts of $5.37 and $3,362.03. Petitioner claims an overassessment of tax for 1943 in the sum of $1,095.03.

Separate income tax returns for the taxable years were filed on behalf of two trusts entitled "Testamentary Trust for Marilyn Shertzer" and "Testamentary Trust for Lillian Caudle." The Commis-

sioner included the income so reported in petitioner's income tax return and made other adjustments, including the disallowance of a deduction for legal and accounting fees. The issues are whether the Commissioner erred (1) in determining that the income of the two testamentary trusts should be included in the taxable income of petitioner, and (2), in disallowing the deductions for legal and accounting fees.

All of the facts were stipulated by the parties, and we find them to be as stipulated and incorporate them herein by reference. We set out below those facts which are pertinent to a determination of the issues.

The decedent, John Shertzer, died in 1934, while he was domiciled in Texas. He was survived by his wife, Edith Pearl Shertzer, a daughter, Lillian Joyce Shertzer Caudle, an adopted daughter, Marilyn Maxine Shertzer, and his father, William Shertzer, who died prior to 1943. The wife and a brother, C. P. Shertzer, represented the estate as executrix and executor. The returns for the periods here involved were filed with the collector of internal revenue for the second district of Texas. They were prepared and filed on the cash receipts and disbursements basis.

John Shertzer died testate and his will was admitted to probate in the County Court of Eastland, Texas, on August 6, 1934. The applicable paragraphs of the will, after making provision for the payment of debts and funeral expenses, provided as follows:

SECOND: I give devise and bequeath to my wife, Edith Pearl Shertzer, one half of all my property, either real, personal or mixed, * * *

THIRD: I give, devise and bequeath unto my daughter Lillian Joyce Shertzer [now Caudle], one third of my said estate, but, however, subject to the following conditions and directions:

I direct that my said daughter shall receive from my executors out of my estate, the sum of two thousand dollars ($2,000) per year, from and between the ages of 18 years and 23 years; that at the age of 23 years, she shall receive three thousand dollars ($3,000) in cash; that from the ages of 23 years to 30 years she shall receive twelve hundred ($1,200) per year; that at the age of 30 years, she shall receive five thousand dollars ($5,000) in cash; that between and including the ages of 30 years to 40 years, she shall receive one hundred ($100) dollars per month, and at the age of 40 years she is to receive the balance of her part of my estate.

FOURTH: I give, devise and bequeath unto my adopted daughter, Marilyn Maxine Shertzer, one-sixth of my said estate, but, however, subject to the following conditions and directions:

I direct that my said adopted daughter shall receive from my executors out of my estate, one hundred dollars ($100) per month, between and including the age of eighteen to twenty-three years, and fifty dollars ($50) per month for the next succeeding seven years, and the balance of her part of my estate at the end of said period of seven years, or when she is thirty years old.

FIFTH: I direct that my father, William Shertzer, should he be living, shall receive Fifty dollars ($50) per month until his death.

SIXTH: I direct that my executors shall keep all of my property intact, and maintain, control, operate and manage the same, but I also direct that they shall have full power to buy other property, or sell any or all of my said property at any time they may think best and expedient, and at any time they may so desire.

SEVENTH: I hereby constitute, make and appoint my wife, Edith Pearl Shertzer, and my brother, C. P. Shertzer, my sole executors, and I further direct that no bond be required of them or either of them to act in such capacity.

The will was executed March 23, 1925, at Bartlesville, Oklahoma. The estate filed income tax returns for the years 1934 to 1943 on the cash receipts and disbursements basis.

On January 7, 1943, Edith Pearl Shertzer, as an individual and the widow of decedent, filed a petition in the probate proceedings pending in the state court, asking for a partition of the estate among the legatees. The petition alleged all of the property of the estate to be community property, one-half belonging to the widow in her own right, and the other half belonging one-third and one-sixth to the two daughters, respectively, in undivided shares subject to the decedent's testamentary trusts. The petition also alleged that paragraph V of the will is no longer in effect since the death of the father, William Shertzer. The petition also asked that the executor and executrix of the estate and the two daughters of decedent should be cited to appear and answer to the petition. A citation was issued to the minor daughter. A guardian *ad litem* was appointed for her, and the guardian filed on her behalf an answer which denied the allegations of the petition, but requested her one-sixth interest in case of partition. This request made no mention of a testamentary trust. The executors and the older daughter filed waivers of service and entries of appearance. The older daughter also requested a partition of the estate and asked that one-third thereof be given to her, with no reference to any testamentary trust. The executor and executrix filed an answer and also filed a detailed report on the condition of the estate.

On November 12, 1943, an interlocutory judgment was entered by the court having jurisdiction over the estate, approving the report, ordering partition in kind, appointing three disinterested commissioners to actually divide the estate, and providing, in part:

* * * It is further ordered, adjudged and decreed that the petitioner, Edith Pearl Shertzer, is entitled to have partitioned and set aside to her, in her own right, one-half of the residue of said estate, same being her community one-half of said estate under the laws of the State of Texas. It is further ordered, adjudged and decreed by the court that one-third interest in the residue of said estate as owned by defendant, Lillian Joyce Caudle, is hers by virtue of the terms and provisions of her father's will, wherein a trust was created in her favor, and that one-third of the residue of said estate should be set aside to her as a separate and distinct trust. It is further ordered, adjudged and decreed by the court that one-sixth interest in the residue of said estate as owned by Marilyn Maxine Shertzer is hers by virtue of the terms and provisions of her father's will, wherein a trust was created in her favor, and that one-sixth of the residue of said estate should be set aside to her as a separate and distinct trust.

The commissioners in partition reported on the distribution, and a final decree was entered in the partition proceeding on November 12, 1943, approving and confirming the actual division of the estate made by the commissioners. The division was:

|  | Total | Advancements included in total |
|---|---|---|
| Edith Pearl Shertzer | $189,350.06 | $39,506.80 |
| Lillian Joyce Caudle | 126,233.37 | 20,734.28 |
| Marilyn Maxine Shertzer | 63,116.69 | 2,389.26 |

The property was identified in the decree. A large part of the property of the estate consisted of stock. An actual division of this stock was made and new certificates of stock were issued in the names of C. P. Shertzer and Edith Pearl Shertzer, as trustees for Lillian Joyce Caudle, the same parties as trustees for Marilyn Maxine Shertzer, and in the name of Edith Pearl Shertzer. A considerable part of the property of the estate consisted of interests in real estate, oil royalties, and oil payments. The commissioners apportioned undivided interests in this property to the same parties, and it is stipulated that this property was actually delivered to the same parties pursuant to the "Final Judgment of Partition."

The court, in approving the commissioners' allocation, said in part:

\* \* \* the court having examined the [report of the Commissioners of partition] carefully and heard all exceptions and objections made thereto and evidence in favor of and against the same \* \* \*

It is therefore ordered, adjudged and decreed by the court that said report be \* \* \* confirmed and \* \* \* that the distributees, Lillian Joyce Caudle and Marilyn Maxine Shertzer, each receive and she is hereby vested with title to the respective properties allotted to each of them by said commissioners in their report. It is further ordered, adjudged and decreed by the court that the property allotted and distributed to Lillian Joyce Caudle be and the same is hereby ordered to be her separate estate, that same shall constitute a trust under the will of John Shertzer, deceased, that said trust shall be separate and distinct from the property held in trust for Marilyn Maxine Shertzer under the will of John Shertzer, deceased, and that said trust be executed as provided in said will. It is further, ordered, adjudged and decreed by the court that the property allotted and distributed to Marilyn Maxine Shertzer be and the same is hereby ordered to be her separate estate, that same shall constitute a trust under the will of John Shertzer, deceased, that said trust shall be separate and distinct from the property held in trust for Lillian Joyce Caudle under the will of John Shertzer, deceased, and said trust be executed as provided for in said will.

Attorneys and an accountant were employed in connection with the partition proceeding. Their fees were reasonable and were in the amounts of $1,000 and $650, respectively. These fees were not paid until 1944. The final decree of the court in the partition proceeding, entered on November 1, 1943, ordered that the expenses incident

thereto, including these fees, "be paid as follows: one-half by Edith Pearl Shertzer, one-third by Lillian Joyce Caudle, and one-sixth by Marilyn Maxine Shertzer." It is stipulated that these amounts were paid "in the year 1944 by Edith Pearl Shertzer for herself and as co-trustee for Lillian Joyce Caudle and Marilyn Maxine Shertzer from the respective amounts due of one-half by Edith Pearl Shertzer, one-third by Lillian Joyce Caudle, and one-sixth by Marilyn Maxine Shertzer."

Upon the first issue, respondent contends that the decree of the state court in the partition proceeding is not binding upon us, and that we should decide, without regard to the action of the state court, that only one trust existed during the taxable years. While it is not apparent from the stipulation, it may be inferred from the deficiency notice that the returns filed for the years 1943 and 1944 in the name of petitioner "John Shertzer Trust, Edith P. Shertzer Trustee" were filed on behalf of the estate of John Shertzer, deceased. We assume it to be respondent's position that one, and only one, testamentary trust existed during the taxable years; that it was created under the will of John Shertzer, deceased; and that it was being administered by testamentary trustees acting under the control of the state court having jurisdiction over the administration of the decedent's estate.

Petitioner's contentions on this issue are that the will of the decedent should be construed by us as creating two separate trusts for the benefit of his two daughters, and that the decree of the state court in the partition proceeding creating the two separate trusts for the daughters is binding in this proceeding. Petitioner on brief makes no reference to the claim for an overassessment of tax for the year 1943. We assume that a decision by us that the two separate trusts above referred to existed in all or a part of 1943 might result in there being some overpayment of tax for 1943. Whether there was such an overpayment (the only evidence as to payment of tax for that year is the stipulation that a claim for refund was filed prior to March 15, 1947) and the amount thereof may be shown by agreement of the parties or considered in proceedings under Rule 50. It should be noted that the final decree of the state court in the partition proceeding was not entered until November 12, 1943. Prior to that time, it may be inferred from the stipulated facts, the testamentary trustees, acting under the jurisdiction of the state court in which the decedent's will was probated, were conducting the affairs of the decedent's estate as one trust. The record shows no action by the state court which indicates the contrary. It may also be inferred that only one fiduciary income tax return was filed. We are not persuaded that prior to the partition decree there were, in addition to the petitioner, two other separate trusts in existence for the benefit of the two daughters.

The decree in the partition proceeding effected a radical change in the situation. For the statutory basis of this proceeding, see Revised Statutes of Texas, paragraphs 3457, 3598, 3606, 3611, 3612, and 3613. It was an action *in rem;* the state court had jurisdiction over the subject matter and the parties; the procedure was, in all respects, regular; and property rights were thereby created which can not, with any sense of reality or propriety, be ignored. It was not an *ex parte,* collusive decree interpreting a trust instrument for the primary purpose of adversely affecting the Government's right to additional income tax. It was, in effect, the distribution of property of a decedent's estate to those entitled to it, subject to two separate trusts limiting the enjoyment of the property by two of the legatees, pursuant to the intent of decedent as interpreted by the court having jurisdiction over his estate. The adjudication of the state court was not on the question of whether prior to the partition there existed, or were intended to exist, two separate trusts; but it was on the question of property rights after partition and with regard to the property partitioned. The establishment of these two separate trusts followed the actual partition of the property of the estate, and it can not be taken as a judicial determination that multiple trusts existed before the partition.

We conclude on the record that after November 12, 1943, the two trusts for the benefit of decedent's two daughters existed, separate and distinct from petitioner, but not before that date.

With regard to the issue having to do with the deduction of attorneys' fees and audit expenses, we decide in favor of respondent. Deductions on account thereof were taken by petitioner, which was on a cash basis, in 1943, while the stipulation shows that these items were not paid until 1944. No claim for these deductions was made as to 1944. We are unable to see the basis for any such claim by petitioner in any year, since the parties have stipulated that these items were paid by persons other than petitioner.

*Decision will be entered under Rule 50.*